UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTIQUEA MIDDLETON,

    Plaintiff,

                    Civil Action 2:15-cv-2997
   v.                Judge George C. Smith
                    Magistrate Judge Elizabeth P. Deavers

THE OHIO STATE UNIVERSITY, et al.,

    Defendants.

**ORDER and**

**INITIAL SCREEN REPORT AND RECOMMENDATION**

     Plaintiff, Martiquea M. Middleton, an Ohio resident who is proceeding without the assistance of counsel, brings this action against The Ohio State University and its Vice President and Chief Information Officer Michael Hoffherr. This matter is before the United States Magistrate Judge for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 9.) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

     Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant The Ohio State University and Defendant Hoffherr.

1

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1]Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

**II.**

The Undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted against Defendant The Ohio State University and Defendant Hoffherr. Furthermore, the Undersigned finds that Plaintiff's claims are frivolous and have no basis in law.

**A. Defendants Have Sovereign Immunity Under the Eleventh Amendment**

The Eleventh Amendment of the United States Constitution operates as a bar to federal court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). The Ohio State University is an instrumentality of the state of Ohio. *Spires v. Ohio State Univ.*, No. C–2–99–402, 2001 WL 506511 at *6 (S.D. Ohio Apr. 25, 2001); *Bailey v. Ohio State Univ.*, 487 F. Supp. 601, 606 (S.D. Ohio 1980). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Furthermore, as explained further below, nothing in Plaintiff's Complaint suggests that Defendant Hoffherr is being sued in any capacity other than his official one as an instrumentality of the state. Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against the Ohio State University and Defendant Hoffherr is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of Plaintiff's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

**B. Plaintiff Fails to Allege any Facts with Respect to Defendant Hoffherr**

4

In her Complaint, Plaintiff alleges that "[o]n September 3, 2015 at 8:46 A.M.," the unnamed professor teaching her communications class "used improper verbage [*sic*] against me while lecturing in class.  He mentioned a 70 year old disabled Veteran and a Polish-American woman as abnormal statistics." (ECF No. 1 at 3.)  Plaintiff further alleges that on August 25, 2015 Plaintiff's biology professor, Dr. Shauna Weyrauch, "played a documentary 'Super-Size Me.'  The content of the film was outdated, and was offensive to the Plaintiff.  There was no Prior Disclosure of the content." (*Id*.)  Plaintiff demands "her degree and the sum of $25,000,000.00 dollars for the damages she has suffered." (*Id*.)  Plaintiff makes no further factual allegations in her Complaint.  Defendant Hoffherr is not mentioned at all in Plaintiff's Complaint apart from the caption naming him as a defendant.

The Undersigned finds, therefore, that even if all her allegations are true, she has alleged no set of facts that would constitute a cause of action against Defendant Hoffherr.

**C. Plaintiff's Claims are Frivolous and Have no Arguable Basis in Law**

As the Supreme Court has recognized, a complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint has no arguable factual basis when its allegations are "fantastic or delusional" and no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327–28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

In the instant case, both named Defendants are immune from suit.  Furthermore, even assuming, *arguendo*, that all of Plaintiff's factual allegations are true, they do not suggest a cause of action that is cognizable in this Court.  The alleged conduct of Plaintiff's professors, who are

5

not named as defendants in this action, is not tortious, fraudulent, or in any other way subject to legal action in this Court upon the facts alleged. As Plaintiff alleges no facts at all with respect to the named Defendants, even liberally construing her Complaint, the Undersigned cannot identify any cause of action available to Plaintiff. Plaintiff's claims, therefore, have no arguable legal basis because they present "indisputably meritless" legal theories. (*Id.*) Namely, Plaintiff asserts "a violation of a legal interest which clearly does not exist." (*Id.*)

Accordingly, the Undersigned finds that Plaintiff's claims should be dismissed as frivolous, with no arguable basis in law.

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against Defendant The Ohio State University and Defendant Hoffherr be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as frivolous and failing to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l*

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date:  January 19, 2016                                     /s/ *Elizabeth A. Preston Deavers*
                                                            ELIZABETH A. PRESTON DEAVERS
                                                            UNITED STATES MAGISTRATE JUDGE